# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 14-00716-dd |
| Harold Wilson Autry, | ) | |
| | ) | ORDER ALLOWING EXEMPTION |
| Debtor. | ) | AND AVOIDING JUDICIAL LIEN |
| | ) | |

THIS MATTER is before the Court on Debtor's motion to avoid a judicial lien held by Great Lakes Petroleum Company, Inc. (Great Lakes). The judicial lien creditor objects and asserts that the real property claimed as exempt is not Debtor's residence and is more valuable than Debtor has disclosed. A hearing was held on the matter March 20, 2014. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

## FINDINGS OF FACT

1. Great Lakes obtained a judgment against Harold Autry individually and doing business as Rabbit's Quick Stop. Debtor listed the amount of the judgment in his bankruptcy schedules as $99,896.00. The Lancaster County, South Carolina public index of judgments reflects that a transcript of this judgment was filed in that county on May 26, 2010.

2. Debtor and his wife jointly own a house and lot located at 2812 Pineview Drive, Lancaster, South Carolina. There is a mortgage lien on the property in the approximate amount of $63,652.00. The parties do not dispute that the mortgage lien is senior in priority to the judgment.

3. Debtor's motion sets forth a value for the Pineview Drive property of $92,367.00 while Great Lakes' objection points out that Schedule A to Debtor's bankruptcy petition reports a value for property tax purposes of $107,000.00. Debtor testified that

   his opinion of the value of the property, based on comparable houses sold in the neighborhood, was $92,000.00. There was no other evidence of value.[1]

4. The value of the property is in the range of $92,000 to $107,000.

5. If Debtor has an exemption in the property, but for the impairment caused by the judgment, the mathematical formula of 11 U.S.C. § 522(f)(1)(A), as interpreted in *In re Ware*, 274 B.R. 206 (Bankr. D. S.C. 2001), results in avoidance of the judgment lien as long as the property has a value of $160,000 or less.[2]

6. Debtor's driver's license (Exhibit A) was issued in 2007 and reflects the Pineview Drive address. Financial account and mortgage balance statements are mailed to Debtor at the Pineview Drive address (Exhibit B [09/30/13 statement] and testimony). Debtor also presented correspondence to him from the Social Security Administration dated February 5, 2014 and mailed to the Pineview Drive address (Exhibit C).

7. Debtor testified that, for the purpose of work away from Lancaster County and long-standing marital problems that are his fault, he often lived away from Pineview Drive, extending back for a period of over twenty years. He also testified that during this time he used Pineview Drive as his "permanent address," intended to return there when away, and spent several nights a month at Pineview Drive. Because of ill health Debtor moved to and has continued to live at Pineview Drive on an on-going basis beginning in October 2013.

---

[1] Debtor offered a copy of Schedule A to the bankruptcy petition, a copy of a summary page from the Lancaster County Assessors Office, and a Zillow.com report (marked for identification as Exhibit D). On objection the exhibit was not admitted into evidence.

[2] There was little, if any, contest at the hearing that the judicial lien is properly avoided if the Pineview Drive property is Debtor's residence. If the property has a value of $107,000 (the highest value mentioned at the hearing), Debtor's equity after deduction of the first mortgage, is as follows: $107,000.00 - $63,652.00 (the mortgage) = $43,348.00. As Debtor holds a ½ undivided interest in the property, his equity is $21,674. The judgment lien impairs the $50,000.00 exemption under S.C. Code Ann. § 15-41-30(A)(1) and the lien would be avoided in its entirety.

8. Counsel for Great Lakes sought to attack the credibility of Debtor's claim he considered Pineview Drive to be his home or permanent place of residence through the use of a deposition (Marked for Identification as Exhibit 1) taken as part of the state court collection efforts.

9. During the June 25, 2010 deposition Debtor testified that he lived in Kershaw at 3005 Old Georgetown Road and that he and Mrs. Autry "haven't lived together in over 20 years."

10. The deposition testimony is not as straight forward as Great Lakes would suggest because Debtor also testified during the June 25, 2010 deposition : "My home address is Lancaster …" and in response to the question "Is that (Pineview Drive) what you consider your permanent address?" answered "Yes ma'am."

11. The bankruptcy petition was filed February 5, 2014. Debtor is 66 years of age and his sole sources of support are benefits from Social Security and voluntary contributions from family members. The chapter 7 trustee determined that there are no assets available for liquidation from which a distribution to creditors might be made.

## CONCLUSION

11 U.S.C. § 522(f) provides:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is – (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5). . . . (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of – (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The Fourth Circuit has held that a debtor need not actually claim an exemption to avoid a judicial lien, but must be entitled to one.  See Botkin v. DuPont Cmty. Credit Union, 650 F.3d 396, 399–400 (4th Cir. 2011) (quoting Owen v. Owen, 500 U.S. 305, 310–11 (1991)). Debtor here actually claimed an exemption of $50,000. The party objecting to an exemption has the burden of proof. Fed. R. Bankr. P. 4003(c).

While this contest arises in the context of a motion to avoid lien, the issue is the availability, but for the judgment, of an exemption in Pineview Drive.  More specifically the issue is whether Pineview Drive is Debtor's residence. The time for making this determination, at least for the purposes of this case, is at the time the bankruptcy petition is filed.

The Bankruptcy Code gives debtors the ability to exempt certain property from the estate. 11 U.S.C. § 522(b)(1).  "Section 522(b)(1) of the Code offers the debtor a choice between exempting either the property specified in § 522(d) or the property protected by federal non-bankruptcy law or state law, 'unless the State law that is applicable to the debtor . . . specifically does not so authorize.'"  *In re Robinson*, 292 B.R. 599, 607 (Bankr. S.D. Ohio 2003) (quoting 11 U.S.C. § 522(b)(2)).  South Carolina has opted out of the federal exemptions and has set forth its own system of exemptions.  See S.C. Code Ann. §§ 15-41-30; 15-41-35.

"[W]hen a debtor claims a *state-created* exemption; the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption." *Law v Siegel*, 134 S. Ct. 1188, 1196-97 (2014)(emphasis in original). The exemption here arises under state law. Debtor claims a homestead exemption under S.C. Code § 15-41-30(A)(1).  That section states:

> (A) The following real and personal property of a debtor domiciled in this State is exempt from attachment, levy, and sale under any mesne or final process issued by a court or bankruptcy proceeding: (1) The debtor's aggregate interest, not to exceed fifty thousand dollars in value, in real property or

>personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor, except that the aggregate value of multiple homestead exemptions allowable with respect to a single living unit may not exceed one hundred thousand dollars. If there are multiple owners of such a living unit exempt as a homestead, the value of the exemption of each individual owner may not exceed his fractional portion of one hundred thousand dollars.

The maximum amount of the exemption is periodically adjusted by the State Budget and Control Board and as a result of such adjustments; the maximum allowable homestead exemption at the time the petitions were filed is $56,150 for a single owner and $112,275 for multiple owners.

This Court has previously interpreted the requirement of use of the real property as a residence in the homestead exemption. *In re Jones*, 397 B.R. 765, 770 (Bankr. D.S.C. 2008) ("In South Carolina, a homestead exemption is properly taken in real property that the debtor uses as a residence.") "A residence is defined as, 'Place where one actually lives or has his home; a person's dwelling place or place of habitation; an abode; house where one's home is; a dwelling house.'" *Jones*, 397 B.R. at 770–71 (quoting Black's Law Dictionary 1309 (7th ed. 1999)). See also *Lanier v. Beaman*, 394 B.R. 382, 383 (E.D.N.C. 2008) ("A residence is defined by Merriam-Webster as 'the act or fact of dwelling in a place for some time' and as a 'building used as a home.'").

Debtor has owned the Pineview Drive property with his wife for many years. His testimony that he considered the property his residence on the date he filed for bankruptcy protection was direct and credible. That in 2010 he considered the property a mail drop, one of the places he occasionally stayed, his home, or something else is relevant though not dispositive. Debtor's 2010 testimony that he did not live with his wife yet considered Pineview Drive his permanent address, where he stayed several nights a month is reconcilable if he considered

Pineview Drive his home and the place to which he intended to return when away. South Carolina law allows for an attack on homestead exemptions either by proof that the property is not used as a residence[3] or upon a showing of fraudulent conduct[4] justifying denial of an exemption. Great Lakes has not shown either by a preponderance of the evidence.

Debtor's exemption in Pineview Drive is allowed and the judicial lien of Great Lakes is avoided. A separate order shall issue on the lien avoidance.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**04/04/2014**



David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina

Entered: 04/04/2014

---

[3] See generally the discussion of the homestead exemption for a residence in *Holden v. Cribb*, 561 S.E. 2d 634, 349 S.C. 132 (Ct.App. 2002).

[4] The possibility of denying an exemption is recognized under South Carolina law where the "broad and liberal interpretation and construction (of the exemption statute or procedure) . . . will make of them instruments of fraud and oppression." *Baker v. De Witt*, 138 S.E. 626, 140 S.C. 114 (1927).